EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MÁXIMO APONTE, acusado y apelante.

No. 2487.—*Visto:* Mayo 6, 1925. *Resuelto:* Junio 5, 1925.

CASAS ESCANDALOSAS—"INDICTMENT" Y ACUSACIÓN—SUFICIENCIA DE LA ACUSACIÓN—DELITO EXPUESTO BAJO DISTINTOS CARGOS.—Examinada la acusación en el caso de autos, *se resolvió:* que no obstante usar en ella el fiscal distintos tiempos de verbo al exponer los varios cargos, dicha acusación, interpretada razonablemente, no puede considerarse que imputa diferentes delitos cometidos en distintas fechas.

Sentencia de *Charles E. Foote*, J. (Primer Distrito, San Juan), condenando al acusado por infracción al Artículo 288 del Código Penal. *Confirmada.*

*Campillo & Campillo,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los autos de este caso están formados por una acusación, la sentencia y un escrito de apelación.

Aparece de la sentencia que la corte inferior declaró sin lugar una excepción perentoria, y alega ahora el apelante que:

"La corte cometió error al declarar sin lugar la excepción interpuesta y reconociendo que los tres delitos sólo constituyen uno, expuesto en diferentes formas y bajo distintos cargos."

La acusación es substancialmente como sigue:

"El fiscal que suscribe, comparece y formula acusación contra Máximo Aponte, por un delito de infracción al artículo 288 del Código Penal de Puerto Rico, cometido bajo los siguientes cargos: Primer Cargo, que allá durante los días de los meses de enero y febrero de 1924, y en el Boulevard del Valle de la ciudad de San Juan, que está dentro de la Sección Primera de la Corte Municipal del Distrito Judicial Municipal de San Juan, que a su vez forma parte del Primer Distrito Judicial de San Juan, Puerto Rico, dicho acusado Máximo Aponte a sabiendas, maliciosa, voluntaria y criminalmente tiene establecido y dirige como dueño y administrador un cafetín o mesón donde constantemente se promueven desórdenes y alteraciones de la paz pública, habiéndose registrado allí y entonces, entre otros casos, de alterar la paz pública, los siguientes: No. 6199, *El Pueblo de Puerto Rico* v. *Etanislao Pimentel; El Pueblo de Puerto Rico* v. *Antonia Pérez;* No. 6985, *El Pueblo de Puerto Rico* v. *E. Baoy et al.;* No. 7007, *El Pueblo de Puerto Rico* v. *Martín Parrilla.* Alegándose además que en todos estos casos los acusados fueron declarados culpables, y se sometieron a la ejecución de la sentencia, las que en la actualidad son firmes. Segundo Cargo, que dicho Máximo Aponte allí y entonces a sabiendas, maliciosa, voluntaria y criminalmente tenía y aún tiene establecido en el segundo piso de dicha casa un salón de recreo, o salón de bailes frecuentado por

prostitutas conocidas donde constantemente se perturba la tranquilidad, bienestar y decoro del inmediato vecindario y donde dichas prostitutas bailan con hombres en formas inmorales y desordenada, usándose allí y entonces de un repertorio de palabras obscenas e indecorosas, dichas en alta voz y al alcance del oído de mujeres y niños que viven por allí, siendo dichas palabras entre otras, 'chulo,' 'maricón,' 'sinvergüenza,' 'puta mala.' TERCER CARGO, que dicho acusado Máximo Aponte maliciosa, voluntaria y criminalmente tiene allí y entonces un tercer piso de dicha casa donde arrienda habitaciones a prostitutas conocidas, a sabienda que las mismas se van a dedicar a citas deshonestas y a la prostitución.

"Los hechos especificados en los tres cargos anteriores constituyen una infracción al artículo 288 del Código Penal, y son hechos contrarios a la paz y dignidad del Pueblo de Puerto Rico."

No hay duda de que hubiera sido mejor que el fiscal, en el empleo de los tiempos, hubiera evitado usar el tiempo presente en absoluto, o al redactar los cargos primero y tercero haber observado la forma adoptada en el segundo; pero aunque tal descuido, como es el método realmente seguido, parece indicar que no debe ser favorecido, no podemos decir que interpretada razonablemente la acusación pueda considerarse que imputa diferentes delitos cometidos en distintas fechas. Artículo 77 del Código de Enjuiciamiento Criminal; 18 C. J. p. 1253.

*Debe confirmarse la sentencia apelada.*